In this cause complainant, Commercial Casualty Insurance Company, will be referred to as "Commercial;" the defendant Bridgeton National Bank as "Bridgeton Bank;" the defendant Eastern States Construction Company, Incorporated, as "Eastern States."
This cause is a companion cause to that of Bridgeton *Page 384 National Bank v. Commercial Casualty Insurance Co. and EasternStates Construction Co., Inc., 117 N.J. Eq. 371, and the two causes were heard together; the conclusions filed in the latter suit set forth the facts, and they will not be repeated herein. Complainant herein, Commercial, seeks to restrain the defendants from bringing suit or from pursuing any suit which it has brought against First National Bank at Pittsburgh and Corn Exchange National Bank and Trust Company in Philadelphia, growing out of the payment of the two checks given by the Commonwealth of Pennsylvania to Eastern States and endorsed over to Commercial as set forth in the other cause. The defendants have not questioned the right of Commercial to apply a part of the proceeds of such checks to the payment of the claim of McDonald Construction Company and the conclusions filed therein award to Bridgeton Bank the difference between the amount received by Commercial and the amount paid to McDonald Construction Company in settlement of its claim; it seems to me, therefore, that it would be inequitable to permit either Bridgeton Bank or Eastern States to maintain a suit based on the lack of authority of William F. Jerome, the assistant treasurer of Eastern States, to endorse these checks over to Commercial. Bridgeton Bank, having obtained in the other cause all the money to which it would be entitled from Commercial, should not in effect be permitted to further pursue Commercial in this indirect manner unless the amount decreed to be paid by Commercial to Bridgeton Bank should not be paid within a reasonable time after the final disposition of such cause.
Commercial also seeks an accounting by Eastern States in connection with the various transactions. During the hearing of this cause a bill was filed by Commercial against Eastern States as a result of which a receiver was appointed for Eastern States. The receiver has not been made a party in this cause, and while I do not question the right of Commercial to have an accounting from Eastern States, it would seem to me that such an accounting might be arrived at through the receiver of Eastern States and in the cause under which the receiver was appointed. *Page 385